**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**SANDRA WILLIS, ET AL.**                                                      **PLAINTIFFS**

**v.**                                                      **CIVIL ACTION NO. 2:14-cv-89-KS-MTP**

**CITY OF HATTIESBURG, ET AL.**                                                      **DEFENDANTS**

## <u>ORDER</u>

THIS MATTER is before the Court on Plaintiffs' Motions to Compel [79] [81].  Having

considered the parties' submissions and having conducted a discovery conference with the

parties, the Court finds that the Motions to Compel [79] [81] should be granted in part and

denied in part.

This action arises from the arrest of the six Plaintiffs, who were present at the Dynasty

Hair Salon on June 14, 2013, allegedly celebrating "Juneteenth," a day commemorating the

abolition of slavery in the United States. On that date, certain Hattiesburg police officers,[1]

reportedly acting on a complaint from a concerned citizen and information from a confidential

informant, entered the premises at issue.  When the officers announced their presence, several

people at the gathering fled.  Plaintiffs were charged with misdemeanors, such as resisting arrest,

disorderly conduct, gambling, and carrying a concealed weapon.  Plaintiffs were convicted of

these misdemeanors in municipal court, but their convictions were overturned by the county

court.  The county court concluded that: (1) the police officers did not possess a search warrant;

(2) the officers did not have consent to search; (3) exigent circumstances justifying the search

---

[1] According to Plaintiffs, these officers included members of the Strike Team and
Neighborhood Enhancement Team ("NET"). *See* Amended Complaint [49].

were not present; and (4) the activity complained of was not being conducted in plain view.
Plaintiffs assert state law claims against Defendants and claims pursuant to 28 U.S.C. § 1983,
such as unlawful search and seizure, false imprisonment, violations of the First Amendment, and
excessive force.

On November 3, 2015, Plaintiffs served interrogatories and requests for production of
documents on Defendants Stephon Harris, Scott Morris, and Jason Reed. *See* Notices [42] [43]
[44] [45] [46] [47].  On December 4, 2015, Plaintiffs served interrogatories and requests for
production of documents on Defendants City of Hattiesburg and Hattiesburg Police Department.
*See* Notices [50] [51].  On January 22, 2016, Defendants filed their discovery responses. *See*
Notices [59] [60] [61] [62] [63] [64] [65] [66] [67] [68].  On February 11, 2016, Plaintiffs filed
their Motions to Compel [79] [81].  In these Motions, the parties are disputing nearly forty
discovery requests.

On February 24, 2016, Defendants filed a Motion for Discovery Conference [89].  On
March 2, 2016, the Court granted the Motion for Discovery Conference [89]. *See* Order [98].
The Court found that the parties had not conferred in good faith and directed the parties to attend
a good-faith conference to discuss their pending discovery disputes. *Id*.  The Court also
scheduled a discovery conference with the parties following the good-faith conference. *Id*.

On March 9, 2016, the parties participated in a good-faith conference and resolved many
of their disputes.[2]  The parties, however, were not able to resolve all of their disputes and
disagree over certain discovery requests and responses.  On March 9, 2016, the Court conducted

---

[2] The Court commends the parties for their efforts and for working together in good faith
to resolve many of their issues.

a discovery conference with the parties to discuss their disagreements. The remaining disputes involve seven discovery requests, which the Court will address elsewhere in this order.

Federal Rule of Civil Procedure 1 provides that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). At some point, however, discovery yields diminishing returns, needlessly increases expenses, and delays the resolution of the parties' dispute.

Recently amended Rule 26(b)(1) provides guidance. It states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Finding a just and appropriate balance in the discovery process is one of the key responsibilities of the Court, and "[i]t is well established that the scope of discovery is within the sound discretion of the trial court." *Freeman v. United States*, 556 F. 3d 326, 341 (5th Cir. 2009).[3]

---

[3] Plaintiffs argue that all of Defendants' objections are waived because their discovery responses were late. The Court finds that Defendants' alleged failure to provide timely responses does not merit a waiver of all their objections. *See Cheshire v. Air Methods Corp.*, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) ("[T]he court retains discretion to decline to compel production of requested documents when the request far exceeds the bounds of fair discovery, even if a timely objection has not been made."); *see also* Fed. R. Civ. P. 1.

***Interrogatory No. 13 to Defendants Scott Morris, Jason Reed, and Stephon Harris***

**Interrogatory No. 13:** Please identify any/all tattoos or brands or other markings on your body.  Your answer should include location and when /where you acquired said tattoos/brand/other markings.

Defendants object to this interrogatory on that basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs argue that this information could be evidence of Defendants' group mindset and propensity for violence and abuse of authority. Plaintiffs assert that Hattiesburg Police Department policy prohibits tattoos and brands.

Plaintiffs have not made a showing as to how tattoos or markings on Defendants' bodies are relevant to any claim or defense in this matter.  Simply alluding to the possibility that police officers might feel a sense of camaraderie does not justify an order compelling the Defendants to provide such information.  Additionally, Plaintiff have failed to explain how an alleged infraction of a department policy regarding tattoos relates to the claims or defenses at issue in this case.  Accordingly, the motion to compel is denied as to this interrogatory.

***Interrogatory No. 17 to Defendants Scott Morris, Jason Reed, and Stephon Harris***

**Interrogatory No. 17:** Please identify and describe with specificity all instances within the past 5 years in which you or others in the Hattiesburg Police Department, and/or NET Team, and/or Strike Team have entered onto any other premises to conduct a raid or investigation.  Your answer should include dates, nature of the investigation, other officers involved, whether a warrant was obtained and whether any arrests were made and what charges were brought.

Defendants object to this interrogatory on that basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object on the basis that this interrogatory is overly broad.[4]

---

[4] Defendants asserted their objection based on the breadth of the interrogatory in their Response [96] to the Motions to Compel.

4

Plaintiffs allege that it is a custom and policy of Defendants to conduct improper raids against certain citizens.  Thus, certain information which might be produced in response to this interrogatory could be relevant to the claims or defenses in this matter.  This interrogatory, however, is overly broad and out of proportion to the needs of this case.

Defendants should identify all instances in which Defendants Morris, Reed, and/or Harris entered onto the premises at issue in this action to conduct a raid or investigation at any point in time.  Defendants should also identify any written complaint, including lawsuits, made within the 3 years prior to June 13, 2014, against any member of the Strike Team and/or NET regarding an unauthorized raid and/or improper, warrantless arrest.  Defendants should identify the date, nature, and outcome of the complaint.

The motion to compel is, therefore, granted as to this interrogatory to the extent noted above.  It is denied in all other respects as to this interrogatory.

### *Request for Production Nos. 6 and 7 to Defendants Scott Morris, Jason Reed, and Stephon Harris*

### *and*

### *Request for Production No. 13 to Defendants City of Hattiesburg and Hattiesburg Police Department*

**Request No. 6:** Copies of all Internal Affairs Bureau annual reports and case logs from five (5) years prior to June 14, 2013 through current date.

**Request No. 7:** Any and all documents, or audio or video documentation, concerning audits, evaluations, consulting studies, and/or similar reviews of the performance of you by Internal Affairs Bureau, whether by evaluators or other persons within or without your Department, from five (5) years prior to June 14, 2013 through current date.

**Request No. 13:** Copies of all Internal Affairs Bureau annual reports and case logs from January 1, 2010 to present.

Defendants object to all of these requests on the basis that they are not reasonably

5

calculated to lead to the discovery of admissible evidence.  Defendants also object on the basis that these interrogatories are overly broad.[5]

Although these requests could lead to relevant information, they are overly broad and disproportionate to the needs of this case.  Defendants should produce any Internal Affairs Bureau annual reports and case logs from three (3) years prior to June 14, 2013, regarding Defendants Morris, Reed, and/or Harris.  Additionally, Defendants should produce any Internal Affairs Bureau annual reports and case logs from three (3) years prior to June 14, 2013, regarding an unauthorized raid and/or improper, warrantless arrest made/performed by any member of the Strike Team and/or NET.  If it is not apparent from the documents produced, Defendants should identify the nature and outcome of each such Internal Affairs Bureau investigation.

The motion to compel is granted as to these requests to the extent noted above.  It is denied in all other respects as to these requests.

### *Interrogatory No. 9 to Defendants City of Hattiesburg and Hattiesburg Police Department*

**Interrogatory No. 9:** Please identify any and all prior complaints, charges, allegations, lawsuits or claims filed against you alleging physical injuries sustained as an alleged result (whether in whole or in part) of action(s) or inaction(s) of members of the Hattiesburg Police Department's NET Team or Strike Team.

Defendants object to this interrogatory on that basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object on the basis that this

---

[5] Defendants asserted their objections based on the breadth of the interrogatories in their Response [96] to the Motions to Compel.

interrogatory is overly broad.[6]

Although this interrogatory could lead to relevant information, it should be limited as follows: Defendants should identify any written complaint, including lawsuits, made within the 3 years prior to June 13, 2014, alleging physical injuries as a result of the actions or inactions of any member of the Strike Team and/or NET.  Defendants should identify the date, nature, and outcome of each such complaint.

The motion to compel is granted as to this interrogatory to the extent noted above.  It is denied in all other respects as to this interrogatory.

***Request for Production No. 11 to Defendants Scott Morris, Jason Reed, and Stephon Harris***

***and***

***Request for Production No. 18 to Defendants City of Hattiesburg and Hattiesburg Police Department***

> **Request No. 11:** Please produce your entire files on Confidential Informant No. 07-036 identified by you in your Supplemental Narrative Report, and/or any other confidential informant you claim to have received information from related to the incident made the subject of Plaintiffs' Complaint.  Your response should include:
>
> a.    All reports, memoranda, notes, photographs, and videos to and from the Confidential Informant which relate to the subject incident in Plaintiffs' Complaint;
>
> b.    Any ledger or other documents showing all payments to and from the Confidential Informant; and
>
> c.    Record of all contacts made with the Confidential Informant; and
>
> d.    Record of all cases or investigations the Confidential Informant has worked on or participated in.

---

[6] Defendants asserted their objection based on the breadth of the interrogatory in their Response [96] to the Motions to Compel.

**Request No. 18:** Please produce your entire files on Confidential Informant No. 07-036 and any other confidential informant which allegedly provided information related to the incident made the subject of Plaintiffs' Complaint.  Your response should include:

a.      All reports, memoranda, notes, photographs, and videos to and from the Confidential Informant which relate to the subject incident in Plaintiffs' Complaint;

b.       Any ledger or other documents showing all payments to and from the Confidential Informant; and

c.      Record of all contacts made with the Confidential Informant; and

d.      Record of all cases or investigations the Confidential Informant has worked on or participated in.

Defendants argue that Plaintiffs are not entitled to the identity of the confidential

informant.[7]  Defendants are asserting the confidential informant privilege.  The United States

Court of Appeals for the Fifth Circuit has explained:

> The confidential informant privilege . . . actually refers to the government's privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).  The government may invoke this privilege "as a right" and "need not make a threshold showing of likely reprisal or retaliation against the informant in order to assert the privilege." *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994).
>
> The privilege most often arises in criminal cases, but it also applies to civil cases such as this one. *Brock v. On Shore Quality Control Specialists, Inc.*, 811 F.2d 282, 283 (5th Cir. 1987); *Suarez v. United States*, 582 F.2d 1007, 1011 n. 4 (5th Cir. 1978).  In civil cases, the privilege is stronger because many of the constitutional rights guaranteed to criminal defendants, which in criminal trials militate in favor of

---

[7] Defendants Morris, Reed, and Harris failed to provide any answer or objection in their initial response to Request No. 11.  During the discovery conference, Defendants explained that this was an oversight on their part.  In their response to Request No. 18, Defendants City of Hattiesburg and Hattiesburg Police Department objected to this interrogatory on that basis that it is not reasonably calculated to lead to the discovery of admissible evidence. All Defendants argued that Plaintiffs are not entitled to the identity of the confidential informant in their Response [96] to the Motions to Compel.

disclosure, do not apply. *Matter of Search of 1638 E. 2nd Street*, 933 F.2d 773, 774-
75 (10th Cir. 1993); *Dole v. Local 1942, Int'l Bhd of Elec. Workers*, 870 F.2d 368,
372 (7th Cir. 1989).

*In re Kleberg County, Texas*, 86 Fed' App'x. 29, 32 (5th Cir. 2004).

Plaintiffs bear the burden of overcoming the privilege by demonstrating that the
information sought is *essential* to their case and that the need for disclosure outweighs the need
to maintain the confidentiality of the informant. *Valles*, 41 F.3d at 358; *Cullen v. Margiotta*, 811
F.2d 698, 715-16 (2d Cir. 1987), *overruled on other grounds by Agency Holding Corp. v.
Malley-Duff & Assoc., Inc.*, 483 U.S. 143, 156 (1987).  This is a heavy burden as a government's
"interest in maintaining the confidentiality of its informants is substantial." *In re Kleberg
County, Texas*, 86 Fed' App'x. at 33.  "It is therefore unsurprising that civil litigants often fail in
their efforts to compel disclosure of informants' identities in Section 1983 cases challenging the
validity of a search warrant." *DeFranco v. Town of Irondequoit*, 2009 WL 2957813, at *3
(W.D.N.Y. Sept. 11, 2009).

Plaintiffs argue that Defendant Harris may have fabricated the confidential informant's
participation in the subject event or the information he/she provided.  Speculation regarding the
fabrication of the confidential informant's information is insufficient to warrant disclosure. *See
In re Kleberg County, Texas*, 86 Fed' App'x. at 34; *see also Dole*, 870 F.2d at 373.  Although the
identity of the confidential informant is relevant, Plaintiffs have not demonstrated that it is
essential.  Plaintiffs have not shown that they must know the informant's identity in order to
have a fair opportunity to prove their claims.  In fact, a state court has already determined that
the searches and arrests were not supported by probable cause. *See* County Court Judgment [38-
1].

9

The Court, however, finds that Plaintiffs are entitled to certain information regarding any confidential informants provided it can be produced without revealing the identity of the informants in any way.

Defendants should produce any documents regarding:

(1) the information that any confidential informant provided Defendants relating to the subject incident and

(2) any payment to or from any confidential informant relating to the subject incident.

**Defendants should redact all information which might reveal the identity of any confidential informant.**

Defendants are directed to supplement their discovery responses as set forth herein on or before March 24, 2016.  Any other relief demanded in the Motions is denied or is moot in light of the parties' resolution of the remaining disputes.

IT IS, THEREFORE, ORDERED that Plaintiffs' Motions to Compel [79] [81] are GRANTED in part and DENIED in part as set forth above.

SO ORDERED this the 10th day of March, 2016.

s/ Michael T. Parker
United States Magistrate Judge

10