**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**SANDRA WILLIS et al.**                                                          **PLAINTIFFS**

**v.**                                          **CIVIL ACTION NO. 2:14-CV-89-KS-MTP**

**CITY OF HATTIESBURG, MISSISSIPPI et al.**                          **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on the Motion for Partial Summary Judgment [167], Motion for Summary Judgment as to Issue Preclusion Related to the County Court's Final Judgment ("Motion for Preclusion") [168], Motion to Correct Scrivener's Error [173], Motion to Strike Answer and Affirmative Defenses and Enter Judgment as to Liability ("Motion to Strike") [171], and Motion *in Limine* [196] filed by Plaintiffs Sandra Willis, David Knight, Charmaine Willis, Desmond Earl, Gregg Glass, and Deangelo Wilkerson, and the Motion to Exclude Plaintiffs' Expert Rochelle McGee-Cobbs ("Motion to Exclude") [184] and Motion *in Limine* [207] filed by Defendants City of Hattiesburg, Frazier Bolton, Scott Morris, Jason Reed, Stephon Harris, and Johnny DuPree.  After considering the submissions of the parties, the record, and the applicable law, the Court finds the following:

1.      the Motion for Partial Summary Judgment [167] should be denied;

2.      the Motion for Preclusion [168] should be denied;

3.      the Motion to Correct Scrivener's Error [173] should be granted;

4.      the Motion to Strike [171] should be denied;

5.      the Motion to Exclude [184] should be granted;

6.      Plaintiffs' Motion *in Limine* [196] should be granted; and

7.      Defendants' Motion *in Limine* [207] should be granted.

# I.  BACKGROUND

Plaintiffs Sandra Willis, David Knight, Charmaine Willis, Desmond Earl, Gregg Glass, and Deangelo Wilkerson (collectively "Plaintiffs") bring this action against Defendants City of Hattiesburg (the "City"), Frazier Bolton, in his official capacity as Hattiesburg Chief of Police ("Chief Bolton"), Officer Scott Morris ("Morris"), Officer Jason Reed ("Reed"), Lieutenant Stephon Harris ("Lt. Harris"), and Johnny DuPree, individually and in his official capacity as Mayor of Hattiesburg (collectively "Defendants"), in connection with a raid conducted on the Dynasty Hair Salon ("Dynasty") on June 14, 2013.  Plaintiffs bring multiple federal and state claims against Defendants in connection with this raid, the pertinent facts of which are laid out below.

At approximately 7:30 P.M. on June 14, 2013, officers of the Hattiesburg Police Department's specialized Neighborhood Enhancement Team ("NET") and STRIKE team conducted a raid on Dynasty after receiving information of illegal activity being conducted there.  Lt. Harris has supervisory authority over the NET and STRIKE teams.  Plaintiffs claim that they were wrongfully searched, were victims of excessive force, and were unlawfully arrested during the raid.  No warrant was ever obtained for this raid or any of the accompanying arrests.

Plaintiffs were charged with misdemeanors, and a trial on these charges was held in the Municipal Court of Hattiesburg, Mississippi (the "Municipal Court").  Plaintiffs were convicted in Municipal Court and appealed to the County Court of Forrest County, Mississippi (the "County Court"), where the Municipal Court's convictions were vacated and Plaintiffs were granted a trial *de novo*.  Plaintiffs filed a motion to suppress, claiming that evidence obtained during the raid should be excluded because the officers did not have the right to search Dynasty, as the area searched was not open to the public, the officers had no warrant or consent, and there were no exigent circumstances.  The County Court agreed and granted the motion to suppress.  Finding insufficient

proof to warrant convictions, the County Court dismissed the remaining charges pending against Plaintiffs.

In their motions, Plaintiffs ask that the Court enter partial summary judgment as to the issues of municipal liability, the illegality of the search, and whether Plaintiffs were engaged in illegal conduct. They also request that Defendants' answer and defenses be struck as a sanction for an alleged discovery violation and that evidence of the Municipal Court convictions be excluded from evidence at trial.

Defendants, in their motions, ask the Court to exclude Plaintiffs' police expert as her opinion contains only impermissible legal conclusions and request the exclusion from evidence a video dated October 17, 2013.

After considering the submissions of the parties, the record, and the applicable law, the Court is now ready to rule.

## II.  MOTIONS FOR SUMMARY JUDGMENT [167][168]

### A.    Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*,

246 F.3d 500, 502 (5th Cir. 2001)).  "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

### B.      Motion for Partial Summary Judgment [167]

In their Motion for Partial Summary Judgment [167], Plaintiffs ask the Court to grant them summary judgment on the issue of municipal liability.  Plaintiffs argue that, because Lt. Harris had final decisionmaking authority over the NET and STRIKE team, he was a final policymaker under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978).  To support their position, Plaintiffs point to the fact that Chief Bolton, an indisputable final policymaker, delegated Lt. Harris supervisory authority over the NET and STRIKE team consistent with the policy as laid out in the department manual and the fact the Lt. Harris' decisions concerning the NET and STRIKE team were never reviewed by Chief Bolton.

The evidence to which Plaintiffs point supports the conclusion that Lt. Harris had final decisionmaking authority over the NET and STRIKE team.  Plaintiffs fail, however, to take into account "the difference between final decisionmaking authority and final policymaking authority, a distinction that [the Fifth Circuit] has recognized as fundamental . . . ." *Bolton v. City of Dallas, Tex.*, 541 F.3d 545, 548 (5th Cir. 2008) (citing *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 2147 (5th Cir. 1993)).  "The distinction between final decisionmaker and final policymaker has its origin in two Supreme Court plurality opinions, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), and *City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988)," both of which "concluded that discretion to exercise a particular function does not necessarily entail final policymaking authority over that function." *Id.* at 549 (citations omitted). When the actions of an official with decisionmaking authority "are constrained by policies not of

that official's making, those policies, rather than the subordinate's departures from them, are the act of the municipality." *Id.* (quoting *Praprotnik*, 485 U.S. at 127, 108 S. Ct. 915).

The fact that an official's decision is final and not subject to review does not "automatically lend it the character of a policy." *Id.* at 550 (citations omitted). In fact, the Fifth Circuit has explicitly "rejected the line of authority . . . which would permit policy or custom to be attributed to the city itself by attribution to any and all officers endowed with final or supervisory power or authority." *Id.* at 549-50 (quoting *Jett*, 7 F.3d at 1248) (alteration in original).

Though their evidence supports the fact that he had final decisionmaking authority, Plaintiffs have failed to establish that Lt. Harris' authority was not constrained by policy promulgated by Chief Bolton and/or the City. Therefore, Plaintiffs have failed to establish that Lt. Harris had final *policymaking* authority, and their Motion for Partial Summary Judgment [167] must be **denied**.[1]

## C.    Motion for Preclusion [168]

In their Motion for Preclusion [168], Plaintiffs ask for summary judgment on the issue of whether the search conducted by the Defendants was legal and the issue of whether Plaintiffs were engaged in illegal conduct. The County Court ruled that the search was illegal and sustained Plaintiffs' motion to suppress in the criminal case brought against them in state court. Because insufficient evidence for a conviction remained, the County Court dismissed the charges against Plaintiffs. Plaintiffs argue that the legality of the search and whether they engaged in illegal conduct have been fully litigated and that Defendants are precluded from relitigating them.

Issue preclusion, also known as collateral estoppel "applies to prevent issues of ultimate fact

---

[1]The Court's decision on this motion has no bearing on the ultimate liability of the City, who has not filed for summary judgment relief. The Court's decision is only that the evidence and arguments presented by Plaintiffs in their motion are not sufficient for the Court to grant them summary judgment as a matter of law on the issue of municipal liability.

from being relitigated between the same parties in a future lawsuit if those issues have once been determined by a valid and final judgment." *Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 705 (5th Cir. 2005) (citations omitted). "Collateral estoppel prevents litigation of an issue when: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision." *Bradberry v. Jefferson Cnty., Tex.*, 732 F.3d 540, 548 (5th Cir. 2013) (quoting *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005)) (internal quotations omitted). "While complete identity of all parties is not required, the party against whom the collateral estoppel would be applied generally must either have been a party, or privy to a party, in the prior litigation." *Vines*, 398 F.3d at 705 (citing *Terrell v. DeConna*, 877 F.2d 1267, 1270 (5th Cir. 1989)). The identity of the parties is a fourth requirement of collateral estoppel which much be met in order for the doctrine to apply. *Campbell v. City of Indianola*, 117 F.Supp.3d 854, 864 (N.D. Miss. 2015). As the party asserting collateral estoppel, Plaintiffs bear the burden of establishing each of its requirements. *See id.* (citations omitted).

Plaintiffs never advance any argument that Defendants were in privity with the City in its prosecution of the criminal charges against them.[2] Even if they had made such arguments, the Court would not find them to be persuasive.

The Mississippi Supreme Court has held

> Privity is a word which expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the case, as if they were parties.

---

[2]Plaintiffs advance their privity arguments for the first time in their reply. Arguments raised for the first time in reply, though, are not properly before the Court. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004). If the Court were to exercise its discretion to consider these arguments, it would have to provide Defendants with an opportunity to respond. *Id.* In the name of judicial economy, the Court will decline to do so.

*Little v. V & G Welding Supply, Inc.*, 704 So.2d 1336, 1339 (Miss. 1997) (quoting Restatement of Judgments § 83 cmt. (1942)).  In circumstances similar to the case at bar, where evidence was suppressed due to what was deemed an illegal search, the defendant officers were found not to be in privity with the prosecution.  *McCoy v. Hernandez*, 203 F.3d 371, 374-75 (5th Cir. 2000).  The Fifth Circuit stated that

> [I]t is clear that the officers were not in privity with the State of Texas which was party to the criminal proceedings.  First, the officers did not control the criminal proceedings.  The officers were merely witnesses for the state in their prosecution of McCoy.  The officers did not participate in the questioning of witnesses, influence the planning of trial strategy, nor could they appeal the ruling of the court at the suppression hearing.  Next, the State of Texas did not represent the officers' interests.  The State of Texas's primary objective in the criminal proceedings was to secure a conviction of McCoy, not to demonstrate that the officers had performed their functions properly.  Obviously, showing that the search of McCoy's home was legal was important for the state's case.  However, the state was not directly representing the officers' interests.  Finally, the officers were not successors in interest to the state.  Therefore, McCoy has failed to establish that the officers were in privity with the state, and thus the district court properly refused to apply the doctrine of collateral estoppel.

*Id.*  Similarly, in this case, the prosecution in the criminal case was not representing the interests of the officer defendants.  The City was not concerned with vindicating the actions of the officers but rather in obtaining a conviction.  The officers played no role in the criminal case other than, presumably, as witnesses.  The interests of the officer defendants were not represented by the City in the criminal case, and those interests are not so connected that the Court finds it appropriate for the officers' interests to be affected by the County Court's judgment.  Defendants, then, were not in privity with the City, and collateral estoppel would not apply even if Plaintiff had properly presented arguments concerning privity in their original motion.

Furthermore, the Court would note that the issue of whether the officers had probable cause to believe Plaintiffs were engaged in illegal activity was not decided by the County Court.  The

County Court held that there was insufficient proof to support convictions on the pending charges, which is a different legal standard than the one applied to determine whether Defendants had probable cause ex ante for their actions.  Even if privity were found to exist between Defendants and the prosecution, collateral estoppel would not apply to this issue.

Therefore, for the reasons stated above, the Court will **deny**  Plaintiff's Motion for Preclusion [168].

### III.  MOTION TO STRIKE [171]

At the onset of our analysis, the Court will address the Motion to Correct Scriveners Error [173], which seeks to amend a date in the Motion to Strike [171].  This motion is unopposed and will be **granted**.

In their Motion to Strike [171], Plaintiffs accuse Defendants of multiple discovery violations and ask the Court for the extreme remedy of striking Defendants' answer and affirmative defenses and entering judgment in their favor on the issue of liability.  Though Plaintiffs complain of numerous supposed violations by Defendants, their legal argument addresses only the late production of the use of force reports.

Plaintiffs bring their arguments under Federal Rule of Civil Procedure 37(b)(2)(A)(vi), which provides the Court with the authority to enter default judgment against a party for disobeying a discovery order.  Plaintiffs point to no specific discovery order in which the production of these use of force reports were mandated, leaving the Court doubtful of its authority to grant the requested relief.  However, even assuming *arguendo* that Defendants have violated a discovery order, the extreme remedy of entering judgment against them is not warranted.

For such a remedy to be granted for violating a discovery order, Plaintiffs must show:

(1) the refusal to comply results from willfulness or bad faith and is accompanied by

a clear record of delay or contumacious conduct; (2) the violation of the discovery order must be attributable to the client instead of the attorney; (3) the violating party's misconduct must substantially prejudice the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 316 (quoting *Doe v. Am. Airlines*, 282 F.App'x 289, 291 (5th Cir. 2008)) (internal quotations omitted). Even if Plaintiffs could show that the first two factors were met, they still have failed to show they have been substantially prejudiced by the late production of these reports.

The use of force reports were supplied to Plaintiffs on June 9, 2016. Though this was after the discovery deadline, it was nearly six months before the case was set to go to trial on December 5, 2016. Furthermore, the reports themselves are not lengthy. All together, they total fourteen pages.[3] (*See* Use of Force Reports [172-1].) Plaintiffs have had ample time to review the reports and request supplemental discovery in connection to them. Though having to do so after the close of discovery may be slightly prejudicial to Plaintiffs, the Court does not see how it is so *substantially* prejudicial as to warrant the extreme sanction of striking Defendants' answer and entering judgment against them. *See Moore*, 735 F.3d at 316. This is particularly true where there are less drastic remedies to any prejudice to Plaintiffs and where there is no clear record of delay or contumacious conduct.[4]

----

[3]Defendants state that these reports total thirteen pages. The Court assumes they are not including in this page count a photograph of Plaintiff David Knight, which is included in the document given to the Court but seems to have no relation to the reports.

[4]The Court would point out that the record does not reveal any sort of bad faith conduct on the part of Defendants. There has been no motions for sanctions made against them, and the motions to compel filed by Plaintiffs were all partially denied, indicating that Defendants had some good faith basis for resisting discovery. In fact, in its order on these motions, the Court even commended all parties "for working together in good faith to resolve many of their [discovery] issues." (Order [103] at p. 2, n.2.)

The Court therefore does not find that the requested sanction against Defendants is warranted and will **deny** Plaintiffs' Motion to Strike [171].

## IV.  MOTION TO EXCLUDE [184]

Defendants bring their Motion to Exclude [184] under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993).  Defendants argue that Plaintiffs' police expert, Dr. Rochelle McGee-Cobbs, should be excluded because her report is comprised only of impermissible legal conclusions as to the reasonableness of Defendants' actions.

Although Federal Rule of Evidence 704(a) does permit expert opinion testimony to embrace an ultimate issue, it "does not allow a witness to give legal conclusions."  *United States v. Izydore*, 167 F.3d 213, 218 (5th Cir. 1999) (citing *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983)).  Where an expert report consists of nothing more than legal arguments, it is properly excluded as containing only legal conclusions. *See Snap-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1998) (upholding the exclusion of an expert report "consisting of nothing more than legal arguments").

Plaintiffs concede that any use of the phrase "not objectively reasonable" in McGee-Cobbs's report should be excluded as an impermissible legal conclusion, but argue that the other opinions given in the report are admissible.  The Court disagrees.

McGee-Cobb's report consists of nothing but legal arguments.  The only authorities she cites as support for her opinions are legal authorities such as court opinions, statutes, and the Constitution. Even if the Court were to exclude certain phrases of her report which state that Defendants' actions were "unreasonable" or "unjustified," her opinions would still be legal conclusions as they are based entirely on legal analysis.  Because it purports to instruct the jury on the law in this case, a task

entirely within the purview of the Court, the Court finds that McGee-Cobb's report, and any testimony related to it, must be excluded.  Therefore, the Motion to Exclude [184] will be **granted**.

**V.  MOTIONS *IN LIMINE* [196][207]**

### A.      Plaintiffs' Motion *in Limine* [196]

In their motion, Plaintiffs argue that evidence of their convictions in the Municipal Court should be excluded from evidence under Federal Rules of Evidence 401 and 403.  Plaintiffs argue that the convictions are not relevant under F.R.E. 401, as they have been vacated by the County Court.  They also contend that, under F.R.E. 403, there is a substantial danger that such evidence would unfairly prejudice them and mislead the jury.

Defendants respond by arguing that the Municipal Court convictions are relevant because they provide a presumption of probable cause.  Defendants rely on this Court's previous decision in *Rollins v. Hattiesburg Police Department*, No. 2:15-CV-61-KS-MTP, 2015 WL 4276386 (S.D. Miss July 14, 2015).  In that decision, the Court quotes Mississippi law and states that a lower court conviction, even if overturned, is "a prima facie case . . . that probable cause is present."  *Id.* at *11 (quoting *Royal Oil Co. v. Wells*, 500 So.2d 439, 443 (Miss. 1986)).  Defendants contend that this rule of law makes the Municipal Court convictions relevant under F.R.E. 401, as the presence of probable cause negates the malice element of Plaintiffs' malicious prosecution claim.  The Court agrees.

Defendants do not, however, address Plaintiffs' arguments under F.R.E. 403, which provides for the exclusion of otherwise relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . [and] misleading the jury."  Fed. R. Evid. 403.  Plaintiffs argue that there is a substantial danger of the jury placing improper weight on the invalid Municipal Court convictions and unfairly prejudicing Plaintiffs.  They contend that there is a danger that a jury

11

without legal training could be confused by hearing evidence of convictions in one trial and acquittals in another and may "confuse the roles of the municipal and the county court."  (Memo. in Support [197] at p. 9.)   They further argue that they will be unfairly prejudiced if these convictions are admitted because the jury could draw the improper conclusions about Plaintiffs' characters and actions from them, despite the convictions being vacated by the County Court.  The Court agrees that there is a great danger of unfair prejudice and jury confusion if evidence of the Municipal Court convictions are admitted and that this danger substantially outweighs the relevance these convictions may otherwise have in establishing one element of one of the many claims Plaintiffs bring, especially when this element can be established by other means.

Therefore, for the reasons outlined above, the Court will **grant** Plaintiffs' Motion *in Limine* [196].  Evidence of the convictions in the Municipal court will be excluded from trial.

### B.    Defendants' Motion *in Limine* [207]

In their Motion *in Limine* [207], Defendants request that "a video of a separate service call dated October 17, 2013," which was produced in discovery by Plaintiffs, be excluded from evidence as it is irrelevant.  Plaintiffs do not oppose this motion.  It will therefore be **granted**, and the video will be excluded from trial.

## VI.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiffs' Motion for Partial Summary Judgment [167] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiffs' Motion for Preclusion [168] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiffs' Motion to Correct Scriveners Error [173] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiffs' Motion to Strike [171] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants' Motion to Exclude [184] is **granted**.  The testimony and report of Plaintiffs' police expert, Dr. Rochelle McGee-Cobbs, is excluded from trial.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiffs' Motion *in Limine* [196] is **granted**.  Evidence of the Municipal Court convictions will be excluded from evidence at trial.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants' Motion *in Limine* [207] is **granted**.  The October 17, 2013, video will be excluded from evidence at trial.

SO ORDERED AND ADJUDGED this the 18th day of October, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

13